This matter has come before the Indiana Supreme Court on a petition to transfer jurisdiction, filed pursuant to Indiana Appellate Rules 56(B) and 57, following the issuance of a decision by the Court of Appeals. The Court has reviewed the decision of the Court of Appeals, and the submitted record on appeal, all briefs filed in the Court of Appeals, and all materials filed in connection with the request to transfer jurisdiction have been made available to the Court for review. Each participating member has had the opportunity to voice that Justice's views on the case in conference with the other Justices, and each participating member of the Court has voted on the petition.
Being duly advised, the Court DENIES the petition to transfer.
Rush, C.J., Massa, J., and Slaughter, J., vote to deny transfer.
David, J., dissents to the denial of transfer with separate opinion in which Goff, J., joins.
David, Justice, dissenting.
This case underscores an unfortunate reality that many parents or guardians of *460 a child that has been adjudicated delinquent simply do not have the means to reimburse the Department of Child Services after a court orders services for the child. The financial burden of these court-ordered payments can place an additional strain on family life and can tie parents' hands for several years after the fact. Notwithstanding the real or perceived pressure to do what is right for a child, some parents are overwhelmed by the proceedings in juvenile court and agree to payment conditions-regardless of their actual ability to pay-in order to quickly resolve the issue. Because I believe the parents in this particular case did not have an adequate opportunity to present their full financial picture to the trial court, I respectfully dissent from the denial of transfer.
Under Indiana Code section 31-40-1-3(a), parents or guardians are normally responsible for the cost of services provided by or through the Department of Child Services. But this statute also specifically exempts a parent or guardian from reimbursing the Department if a trial court "makes a specific finding that the parent or guardian is unable to pay or that justice would not be served by ordering payment from the parent or guardian." Ind. Code § 31-40-1-3(c). The actual process of this inquiry likely varies from county to county and from court to court, and I have no reason to believe the trial court in this case did anything out of the ordinary. Rather than a passive requirement, however, I would hold that a trial court must specifically inquire into a parent or guardian's ability to pay the reimbursement before entering an order directing payments. Under the facts and circumstances of this case, I believe such an inquiry would have revealed the significant financial burden that has been placed on these particular parents.
The record before our Court indicates that juvenile J.T. had numerous probation violations, participated unsuccessfully in several rehabilitative programs, and incurred significant court costs and detention fees over the course of the last few years. All said and done, the total amount of money owed for restitution, court costs, and fees from services was $ 8,363. Mother, who had been in discussions with J.T.'s probation officer prior to the fees hearing, thought she might be able to afford payments of between $20 to $ 30 per month. After considering this information, the trial court set restitution at $ 20 per month subject to a review hearing at a future date. Assuming all things stay the same, this means Mother will be obligated to make payments for the next 418 months-which is almost thirty-five (35) years .
The record further indicates that J.T.'s Mother and Father were separated, Father's only income was in the form of disability checks, J.T. had wrecked his Mother's car prior to these hearings (which caused a financial strain on Mother), and Father was incarcerated at the time of the fees hearing. Despite all of this, Mother was still willing to make amends for J.T.'s actions. But as Judge Bailey's dissent in this case noted, "[t]he willingness and agreement of Mother to contribute does not necessarily render her able to satisfy an $ 8,363.00 judgment without extreme hardship." J.T. v. State , 111 N.E.3d 1019, 1025 (Ind. Ct. App. 2018) (Bailey, J., dissenting). Consequently, I do not believe justice would be served by ordering J.T.'s parents to bear a thirty-five year financial burden.
To require a trial court to inquire into the ability of a juvenile's parents to pay is not a novel idea. Our own Court of Appeals has already found this requirement in several *461 cases prior to the present dispute.[1] See M.Q.M. v. State , 840 N.E.2d 441, 449 (Ind. Ct. App. 2006) (accepting the argument that a juvenile court improperly ordered a parent to pay fees without first conducting an indigency hearing); In re M.L.K. , 751 N.E.2d 293, 298-99 (Ind. Ct. App. 2001) (finding the legislative purpose of the "obligation of parent or guardian" statute was to require an inquiry into a parent's ability to pay); Matter of C.K. , 695 N.E.2d 601, 605-606 (Ind. Ct. App. 1998) (remanding a determination that a parent owed $ 52,276 because the trial court failed to inquire into the parents' ability to pay and finding this inquiry was "sound public policy"). The common thread in each of the Court of Appeals opinions on this matter-the present case excepted-is that trial courts bear responsibility under the statute to make sure a parent is able to pay the obligation or that justice is ultimately served by requiring payment. I would hold the same here.
Although the balance owed in this case is substantially less than those balances at issue in Matter of C.K. (over $ 52,000) and In re M.L.K. (nearly $ 22,000), I still believe a special inquiry into J.T.'s parents' ability to pay was necessary. See J.T. , 111 N.E.3d at 1025 (discussing and comparing the present balance owed against those balances in C.K. and M.L.K. ). I would find that Indiana Code section 31-40-1-3(c) compels a trial court to inquire into the ability to pay no matter what number appears on the balance sheet. As previously stated, I do not believe the trial court in this case deviated from what is likely the common practice in many courtrooms across the state. But I do believe that we can and should do better in this area. For these reasons, I respectfully dissent from the denial of transfer in this case and would remand this matter to the trial court with instructions to inquire into the parents' ability to pay.
Goff, J., joins.

Many of these cases considered a previous version of the present iteration of IC 31-40-1-3, but these previous versions do not substantially alter the present-day reading of IC 31-40-1-3(c) that a parent shall pay unless a court finds a parent is unable to pay or that justice would not be served by ordering payment.